FILED
United States Court of Appeals
Tenth Circuit

July 7, 2026

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ROY D. HARJO,

    Petitioner - Appellant,

v.

GENTNER F. DRUMMOND,

    Respondent - Appellee.

No. 25-6108
(D.C. No. 5:25-CV-00266-R)
(W.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.

_____

Roy Harjo, an Oklahoma state prisoner proceeding pro se,[1] seeks a certificate of appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as time barred. For the following reasons, we deny Harjo's request for a COA and dismiss this matter.

## I.

In 2018, Harjo pleaded guilty to one count of assault and battery with a deadly weapon and four counts of assault with a dangerous weapon in Pottawatomie County,

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Harjo appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Oklahoma, District Court. He was sentenced to life imprisonment. Following the imposition of this sentence, Harjo moved to withdraw his guilty pleas, but the trial court rejected this attempt and on August 29, 2019, the Oklahoma Court of Criminal Appeals ("OCCA") denied his petition for a writ of certiorari.

Harjo then unsuccessfully attempted to avail himself of state post-conviction relief. Namely, on July 30, 2020, Harjo filed an Application for Post-Conviction Relief under the theory that the Oklahoma court system lacked jurisdiction over his case under *McGirt v. Oklahoma*, 591 U.S. 894 (2020). However, this application was denied by the Pottawatomie County District Court on October 12, 2023, because his conviction was final when *McGirt* was decided. The rejection was affirmed by the OCCA on May 31, 2024. And Harjo's petition for a writ of certiorari with the U.S. Supreme Court was subsequently denied on November 18, 2024.

Harjo next turned to the federal court system. Specifically, on February 27, 2025, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. This petition primarily reraised the argument that the Oklahoma court system lacked jurisdiction over his case, because he is an "[e]nrolled member of Muscogee (Creek) Nation of Oklahoma" who committed a crime in what *McGirt* recognized remains Indian Country. R. at 8–11.

However, Harjo's petition was dismissed with prejudice as time barred. A federal magistrate judge determined that Harjo's petition was filed more than six months after the expiration of the applicable statute of limitations. And the district court adopted the magistrate's calculation over Harjo's objection that he should be entitled to equitable tolling. Finally, the district court denied Harjo a COA.

2

Harjo now seeks a COA from this court.

## II.

"[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim" we may grant a COA only "if the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (emphasis added). Here, we need only address the district court's procedural ruling on the timeliness of Harjo's petition to resolve this COA application.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for federal habeas claims made by petitioners in state custody. *See* 28 U.S.C. § 2244(d)(1). As relevant to this case, the limitation period begins on "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). But the limitation period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Harjo does not dispute the district court's determination that the statute of limitations for his federal habeas petition therefore expired on August 23, 2024.[2]  As a result, Harjo is forced to argue that he is entitled to equitable tolling to avoid AEDPA's time bar.

However, the only basis for equitable tolling that Harjo raises was his "lack of knowledge" that the statute of limitations resumed running after the OCCA denied his application for post-conviction relief, rather than after the U.S. Supreme Court denied his subsequent petition for a writ of certiorari.  R. at 80; *see also Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("[AEDPA's] statute of limitations is tolled only while state courts review the application[,] . . . and § 2244(d)(2) [therefore] does not toll the 1–year limitations period during the pendency of a petition for certiorari.").  This is not an "extraordinary circumstance" warranting the grant of equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quotation omitted)).

---

[2] In calculating this date, the magistrate judge identified the following periods during which the one-year statute of limitations was not tolled:  (1) 245 days between November 27, 2019, when the time to file a petition for a writ of certiorari at the U.S. Supreme Court on his direct appeal passed, and July 20, 2020, when he sought state post-conviction relief; (2) 37 days between December 12, 2023, when the initial period to file an appeal to the OCCA over the denial of his application for post-conviction relief passed, and January 18, 2024, when he sought permission to appeal out of time; and (3) 83 days between May 31, 2024, when the OCCA affirmed the denial of Harjo's application for post-conviction relief, and August 23, 2024.

Moreover, even if Harjo was entitled to equitable tolling, his habeas petition would still be untimely.  Harjo claims 171 days of equitable tolling—corresponding to the period between May 31, 2024 (when the OCCA denied his post-conviction appeal), and November 18, 2024 (when the U.S. Supreme Court denied his petition for a writ of certiorari).  But this is not enough, as his habeas petition was filled 188 days late.[3]

Accordingly, we hold that reasonable jurists would not debate the district court's procedural determination that Harjo's habeas petition was time barred.

### III.

For the foregoing reasons, we deny a COA and dismiss this matter.[4]

Entered for the Court

Allison H. Eid
Circuit Judge

---

[3] This corresponds to the period between the running of the statute of limitations on August 23, 2024, and Harjo's filing of his habeas petition on February 27, 2025.

[4] Additionally, consistent with the district court's determination below, we find that Harjo did not raise a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quotation omitted).  We therefore deny his motion to proceed in forma pauperis.